UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GEORGE S. RUSH, III,

    Defendant.

Case No. 04-cr-40023-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's *pro se* motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 66). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 72). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion (Doc. 74). The defendant has not responded, although he was given an opportunity to do so.

The defendant pled guilty to three counts of distribution of less than 5 grams of crack cocaine. Because the Government filed an information pursuant to 21 U.S.C. § 851 alleging two prior drug felonies, the statutory sentencing range for this offense as charged was no more than 30 years in prison. *See* 21 U.S.C. § 841(b)(1)(C) (2003). At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 14.18 grams of crack cocaine, *see* PSR ¶ 15, which under U.S.S.G. § 2D1.1 (2003) yielded a base offense level of 26. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the

defendant accepted responsibility for his crime for a total offense level of 23. However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1. Because the statutory maximum sentence for the defendant's offense of conviction was 30 years, the base offense level applicable under U.S.S.G. § 4B1.1(b) was 34, also reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, yielding a total offense level of 31. Because the total offense level based on U.S.S.G. § 4B1.1 was greater than the total offense level based on U.S.S.G. § 2D1.1, the Court applied the total offense level based on U.S.S.G. § 4B1.1(b). Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 235 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

The Court turns to the specifics of the defendant's case. The defendant's conviction is not the type of conviction covered by § 404 of the First Step Act. While he committed the federal offenses before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range. As noted above, at the time of the defendant's conviction, the statutory range for his offense was no more than 30 years. 21 U.S.C. § 841(b)(1)(C) (2003). Section 2 of the Fair Sentencing Act did not lower that statutory range. Even under the Fair

---

Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Sentencing Act, a crime charging less than 5 grams of crack cocaine and involving 14.18 grams of crack cocaine as relevant conduct still falls under 21 U.S.C. § 841(b)(1)(C) (2010), where the statutory sentencing range for a defendant with a prior drug felony is still no more than 30 years. Thus, the defendant is not eligible for a sentence reduction under the First Step Act.

For this reason, the Court **DENIES** the defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 66) and **GRANTS** defense counsel's motion to withdraw (Doc. 72).

**IT IS SO ORDERED.**
**DATED:   August 8, 2019**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**